UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSEPH KENT COLBERT,

          Petitioner,

v.                                       Case No. 04-CV-73499

MILLICENT WARREN,

          Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joseph Kent Colbert is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, pursuant to a conviction for unarmed robbery. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because the court finds that Petitioner's claims are meritless, the court will deny his petition.

**I. BACKGROUND**

Petitioner's conviction arises out of a robbery at a Payless Shoe Store in Detroit on April 7, 1999. Jamilah Smith, the manager of the store, testified that, at approximately 5:00 p.m., Petitioner approached her as she was working at the cash register. He told her he wanted to purchase a pair of boots. After she totaled the purchase and opened the cash register drawer, he ordered her to place all of the money from the cash register into a bag. Petitioner placed one of his hands behind his back and she thought he might have a weapon. Ms. Smith identified Petitioner at a line-up a couple of days later.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of unarmed robbery. On April 10, 2000, he was sentenced to five to fifteen years imprisonment. Petitioner represented himself at trial after expressing dissatisfaction with three attorneys appointed to represent him. After the jury rendered its verdict, Petitioner filed a motion for a new trial claiming (1) his waiver of counsel was not valid as it was not unequivocally or voluntarily made; (2) stand-by counsel interfered with his right of self-representation; and (3) the trial court abused its discretion when it foreclosed to the jury the possibility of later reviewing requested testimony. The trial court denied the motion. *People v. Colbert*, No. 99-003964 (Wayne County Circuit Court June 7, 2000). Appellate counsel was appointed on June 28, 2000.

Petitioner, through appellate counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claim:

I.  Mr. Colbert was denied a fair trial where the trial court denied his motion for a mistrial, after a police witness volunteered that defendant had already been apprehended for a wholly unrelated crime, when arrested for the instant offense.

Petitioner filed a *pro se* supplemental brief, raising the following additional claims:

I.  Mr. Colbert is entitled to a new trial where the waiver of his right to counsel was legally invalid.

II. Mr. Colbert is entitled to a new trial where his Sixth Amendment right of self representation was violated.

III. Mr. Colbert is entitled to a new trial where the trial judge abused her discretion by denying the jury's reasonable request to review testimony of key witnesses.

IV. Mr. Colbert is entitled to a new trial where, during jury deliberations, trial judge instructed the jury through the court officer.

V.  Mr. Colbert is entitled to a new trial where the trial court abused its

discretion in denying his motion for a new trial.

The Michigan Court of Appeals granted Petitioner's application for leave to appeal, but limited the appeal to the issues raised in the application and supporting brief. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Colbert*, No. 233225 (Mich. Ct. App. Aug. 23, 2002). Petitioner then filed a motion for rehearing, which the court denied. *People v. Colbert*, No. 233225 (Mich. Ct. App. Oct. 2, 2002).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the claims raised through counsel and in the *pro se* supplemental brief filed in Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Colbert*, No. 122804 (Mich. May 30, 2003).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following grounds for relief:

I.  Petitioner is entitled to a new trial where the waiver of his right to counsel was constitutionally invalid.

II. Petitioner is entitled to a new trial where his Sixth Amendment right to self-representation was violated by stand-by counsel.

III. Petitioner is entitled to a new trial or, in the alternative, a direct appeal as of right where he was denied a direct appeal due to the ineffective assistance of appellate counsel.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this

case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

---

[1]   28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.
>
> 28 U.S.C. § 2254(e)(1).

4

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.  DISCUSSION

Respondent argues that Petitioner's claims are procedurally defaulted because they were not properly presented in his direct review to the Michigan Court of Appeals.

5

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525, 117 S. Ct. at 1523. In this case, the court finds that the interests of judicial economy are best served by addressing the merits of these claims.

### A.  Waiver of Right to Counsel

In his first claim for habeas relief, Petitioner alleges that the trial court violated his right to counsel when it permitted him to represent himself at trial.  He claims that his waiver of counsel was not knowingly and intelligently made.

A criminal defendant has a constitutional right to self-representation at trial. *Faretta v. California*, 422 U.S. 806 (1975).  Because a criminal defendant likely will fare better when represented by counsel, he will be permitted to represent himself only when he knowingly and intelligently waives his right to counsel.  *Id.*  "There is no constitutional requirement that such a determination be made through a formal hearing and inquiry. Rather, most circuits, including [the Sixth Circuit], adopt a nonformalistic approach, determining the sufficiency of the waiver from the record as a whole." *Gall v. Parker*, 231 F.3d 265, 284 (6th Cir. 2000).  On habeas review, a petitioner bears the burden of establishing that he did not competently and intelligently waive his right to the assistance of counsel.  *Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

The Michigan Court of Appeals, while holding that this claim was not within the scope of its order granting leave to appeal, addressed the merits of this claim in a conclusory fashion, stating that Petitioner's waiver of counsel was unequivocal. *Colbert*, slip op. at 2. The trial court addressed this claim at greater length in its order denying Petitioner's motion for a new trial. The trial court held that Petitioner's waiver of counsel was knowing and voluntary, stating, in pertinent part:

> A defendant in a criminal trial has the right to refuse to be represented by an attorney and to conduct his own defense. *People v. Holcomb*, 395 Mich. 326 (1975); *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562 (1975). It is the duty of the court to ascertain if the defendant's waiver is knowingly, intelligently and voluntarily made. *People v. Holcomb*, 395 Mich. at 347. The defendant's waiver of his right to an attorney at trial was valid and complied with the dictates of *People v. Holcomb*.
>
> The defendant in this case had dismissed two prior attorneys who had been appointed to represent him. His third appointed attorney was an extremely knowledgeable and intelligent criminal defense attorney with many years of experience trying capital and non-capital cases, and an excellent record. On the day of trial, for the third time, the defendant asked the court to dismiss his attorney and appoint new counsel. In his motion, the defendant stated that he was unhappy that this attorney would not pursue his defense theories of vindictive prosecution and insanity/diminished capacity. The court is convinced that no attorney could be found who could measure up to the defendant's expectations and demands.
>
> The court viewed defendant's request for a new attorney just before his trial was to begin as another delay tactic.
>
> Trial counsel is not obligated to pursue every possible theory of defense, especially if there is little prospect of success. . . . In this case, the defendant's theories of vindictive prosecution and insanity/diminished capacity have no foundation to support them. The defendant's attorney explained to him that the independent psychiatrist hired to evaluate him would not be supportive of his defense of insanity/diminished capacity. The defendant has not offered anything in law or fact to support his claim of vindictive prosecution. The defendant's annoyance with his trial counsel's refusal to pursue useless claims is not a basis for counsel's dismissal.

\* \* \*

> The record affirmatively shows the defendant was literate, competent and understanding of the pitfalls of self-representation. His in pro per motion belies his education, intelligence and experience in the area of law. Just prior to this trial, the defendant represented himself against charges in federal court and was convicted of unarmed robbery of a federally insured bank. The defendant knowingly, intelligently, and voluntarily asserted his waiver of counsel and right to proceed *in propia persona*.

*Colbert*, No. 99-003964, slip op. at 2-4.

The Sixth Circuit Court of Appeals has held that a petitioner who decides to proceed *pro se* because the trial court refuses to provide substitute counsel has not been deprived of his Sixth Amendment right to counsel where good cause to replace existing counsel was not shown. *Lakin v. Stine*, 2000 WL 1256900, \* 5 (6th Cir. 2000). A "defendant cannot be permitted to stop the criminal justice system in its tracks by rejecting appointed counsel *and* refusing self-representation." *Swiger v. Brown*, 86 Fed. Appx. 877, 882 (6th Cir. 2004). In this case, Petitioner argued for different counsel because counsel would not present the defenses he requested. Counsel and the trial court determined that these defenses were unsupported by evidence. Petitioner's two previous attorneys had been replaced because he was dissatisfied with their performance. The trial court concluded that Petitioner's primary motivation for requesting substitute counsel was to delay the trial, and gave Petitioner adequate warning that he would not be permitted to continue to delay trial by seeking substitute counsel. Based upon all of these factors, the court holds that it was not unreasonable for the state courts to conclude that Petitioner's decision to represent himself was knowingly and voluntarily made.

## B. Right of Self-Representation

In his second claim for habeas corpus relief, Petitioner claims that his right to self-representation was violated by standby counsel. When Petitioner elected to represent himself, the trial court directed appointed counsel to remain as standby counsel to assist Petitioner throughout the trial. Soon after jury deliberations commenced, the jury sent a note to the trial judge requesting the transcript of a key prosecution witness. The court responded that no written record had yet been prepared and that a copy could be prepared but that it would take some time to do so. *Colbert*, No. 99-003964-01, slip op. at 3. The jury completed deliberations without the transcript. Petitioner's counsel was present when the jury made the request and the trial court responded. Petitioner argues that his absence during this exchange deprived him of his right to self-representation.

The Michigan Court of Appeals, while again holding that this claim was not within the scope of its order granting leave to appeal, addressed the merits of this claim in a conclusory fashion, stating that Petitioner's right of self-representation was not violated. *Colbert*, slip op. at 2.

A defendant's right to self-representation does not translate into an "absolute bar on standby counsel's unsolicited participation." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984). In determining whether a defendant's right of self-representation has been respected, "the primary focus must be on whether the defendant had a fair chance to present his case in his own way." *Id.* at 177. "The specific rights to make his voice heard . . . form the core of a defendant's right of self-representation." *Id.* A *pro se* defendant makes his voice heard by preserving "actual control over the case he

9

chooses to present to the jury," and participation by standby counsel should not be "allowed to destroy the jury's perception that the defendant is representing himself." *Id.* at 178. "[T]he appearance of a *pro se* defendant's self-representation will not be unacceptably undermined by counsel's participation outside the presence of the jury." *Id.* at 179.

Standby counsel's presence during the exchange of notes between the jury and the trial court judge did not deprive Petitioner of his right to exercise control over the presentation of his case. The judge's response to the jury was essentially ministerial and did not impact Petitioner's substantive rights. Also, the jury was not present in the courtroom during this exchange. Therefore, it did not impact the jury's perception that Petitioner was proceeding *pro se*.

The court concludes that Petitioner's right of self-representation was not violated by standby counsel's brief participation in the matter of the jury's note to the trial court judge.

### C. Ineffective Assistance of Appellate Counsel

Finally, Petitioner argues that he is entitled to habeas corpus relief because his appellate attorney filed a delayed application for leave to appeal in the Michigan Court of Appeals instead of an appeal of right. According to Petitioner, counsel was under the mistaken belief that the appeal was untimely and therefore was required to be by leave rather than by right.

The Sixth Amendment entitles a criminal defendant to the effective assistance of counsel during his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). A claim of ineffective assistance of appellate counsel is judged using the same standard applied

to ineffective assistance of trial counsel claims articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the proper standard for evaluating ineffective assistance of appellate counsel claim is that enunciated in *Strickland*).

In *Strickland*, the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

In *Hollin v. Sowders*, 710 F.2d 264 (6th Cir. 1983), the Sixth Circuit Court of Appeals held that an attorney's failure to perfect a direct appeal did not constitute ineffective assistance of counsel because the habeas petitioner was able to present his claims in a motion for postconviction relief in state court. The state court addressed the merits of Petitioner's claims in denying the motion for postconviction relief. The Sixth Circuit held that the state court's ruling on the postconviction motion granted the Petitioner "an adequate substitute for direct appellate review" and that his lawyer's failure to perfect a direct appeal did not "cause[] him any injury." *Id.* at 266.

Similarly, in this case, although Petitioner's attorney sought leave to appeal by application to the Michigan Court of Appeals rather than by right, the Michigan Court of Appeals granted leave to appeal and addressed the merits of Petitioner's claims.

11

Therefore, Petitioner has not established that he suffered any prejudice from counsel's failure to file an appeal of right. *Accord Drumm v. Warren*, 2005 WL 3107772 (E.D. Mich. Nov. 18, 2005) (Gadola, J.).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 3] is DENIED and the matter is DISMISSED WITH PREJUDICE.


      S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 5, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 5, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\DEM\2254s\04-73499.Colbert.DenyingHabeasPetition.wpd