UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KENT COLBERT,

       Petitioner,

v.                                           Case No. 04-CV-73499

MILLICENT WARREN,

       Respondent.
_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Joseph Kent Colbert filed a *pro se* petition for a writ of habeas corpus. On July 5, 2006, the court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has now filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability ("COA"). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the

petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. *In re Certificates of Appealability*, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner presented three grounds for relief in his habeas petition. First, he argued that he was entitled to a new trial where the waiver of his right to counsel was constitutionally invalid. The trial court and Michigan Court of Appeals held that Petitioner's waiver of his right to counsel was valid because he was literate, competent, and understood the dangers of self-representation. He had been provided with competent attorneys and the trial court concluded that his request for a fourth court-appointed attorney was a delay tactic. A petitioner who decides to proceed *pro se* because the trial court refuses to provide substitute counsel has not been deprived of his Sixth Amendment right to counsel where good cause to replace existing counsel was not shown. *Lakin v. Stine*, 2000 WL 1256900, * 5 (6th Cir. 2000). A "defendant cannot be permitted to stop the criminal justice system in its tracks by rejecting appointed counsel *and* refusing self-representation." *Swiger v. Brown*, 86 Fed. Appx. 877, 882 (6th Cir. 2004). The court concluded that it was not unreasonable for the state courts to conclude that Petitioner's decision to represent himself was knowingly and voluntarily made.

Second, Petitioner argued that his right to self-representation was violated by stand-by counsel. A defendant's right to self-representation does not translate into an "absolute bar on standby counsel's unsolicited participation." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984). A *pro se* defendant's right to self-representation is preserved when he is able to exert "actual control over the case he chooses to present to the jury." *Id.* Further, participation by standby counsel should not be "allowed to destroy the jury's perception that the defendant is representing himself. *Id.* In this case, standby counsel's participation was limited to his presence during an exchange of notes between the jury and the trial court judge regarding the availability of transcripts. The judge's response to the jury was essentially ministerial and did not impact Petitioner's substantive rights. Also, the jury was not present in the courtroom during this exchange. Therefore, this court concluded that it did not impact the jury's perception that Petitioner was proceeding *pro se*.

Finally, Petitioner argued that he was entitled to habeas relief because he was denied a direct appeal due to the ineffective assistance of appellate counsel. Petitioner argued that his appellate attorney mistakenly believed that the appeal was untimely and, therefore, filed a delayed application for leave to appeal in the Michigan Court of Appeals instead of an appeal of right. Although Petitioner's attorney sought leave to appeal by application to the Michigan Court of Appeals rather than by right, the Michigan Court of Appeals granted leave to appeal and addressed the merits of Petitioner's claims. Therefore, the court concluded that Petitioner failed to establish that

he suffered any prejudice from counsel's failure to file an appeal of right.  *Accord Drumm v. Warren*, 2005 WL 3107772 (E.D. Mich. Nov. 18, 2005) (Gadola, J.).

The court finds that jurists of reason would not find the court's assessment of Petitioner's claims for habeas corpus relief to be debatable or wrong.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, IT IS ORDERED that the court DECLINES to issue a certificate of appealability.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522